RATTET, PASTERNAK & GORDON-OLIVER, LLP
Proposed Attorneys for the Debtor
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.
Julie A. Cvek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
In re:

APF Group, Inc.,                                    Chapter 11
d/b/a APF Master Framemakers,                       Case No. 09 B _____ RDD
d/b/a APF MUNN Master Framemakers,
d/b/a Michael Thomas Framemakers,


                                    Debtor.
--------------------------------------------------------------------X

**DECLARATION OF MAX MUNN PURSUANT TO LOCAL BANKRUPTCY
RULE 1007-2 AND 9077-1 IN SUPPORT OF AN ORDER SCHEDULING
<u>HEARING ON SHORTENED NOTICE ON FIRST DAY MOTIONS</u>**


STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF WESTCHESTER      )


        MAX MUNN, being duly sworn, deposes and says:

        1.      I am the President and Chief Executive Office of APF Group, Inc., d/b/a APF

Master Framemakers, d/b/a APF MUNN Master Framemakers, a/b/a Michael Thomas

Framemakers ("<u>APF</u> <u>Group</u>" or the "<u>Debtor</u>").  I have served as President and Chief Executive

Officer of the Debtor since it incorporated in New York State in 2001 and as such, I am familiar

with the Debtor's operations, businesses and financial affairs.

2.        I submit this affidavit pursuant to Rule 1007-2 of the Local Rules for the United

States Bankruptcy Court for the Southern District of New York (the "Local Rules") and in support

of the Debtor's motions and application filed substantially simultaneous with this affidavit (the

"First Day Motions").

3.        Part I of this Affidavit describes the Debtor's business, equity structure and

circumstances leading to the commencement of this chapter 11 case.  Part II provides

information required by Local Bankruptcy Rule 1007-2.  Part III provides relevant facts in

support of the Debtor's First Day Motions.

## PART I

## BACKGROUND

4.        The Debtor was formed over 50 years ago as a craft shop to fabricate unique and

distinctive picture frames and mirror frames. Many of the frames produced by the Debtor are

reproductions of the finest antiques in museum collections. The Debtor's customers include the

Metropolitan Museum of Art, Museum of Modern Art, The Smithsonian Institute, The White

House Collection and many other fine public and private collections.

5.        The Debtor operates from its main office and warehouse located at 60 Fullerton

Avenue, Yonkers, New York, as well as two additional showrooms located at 219 East 60th

Street, New York, New York and 79 East Putnam Avenue, Greenwich, Connecticut.

6.        The Debtor's sole shareholder is Laurie Munn.

7.        The Debtor's chapter 11 bankruptcy filing was precipitated by two factors. After

several years of increasing sales and revenues, the Debtor relocated its warehouse in April 2007.

The moving costs, which were taken directly from the Debtor's cash flow, exceeded the Debtor's

anticipated costs of moving. As a result the Debtor obtained additional operating capital in hopes

to "jump start" its business operations. However, the cash flow issues resulting from the excessive moving costs and the disruption to the Debtor's business operations, compounded by a severe drop in sales due to the economic recession, caused the Debtor to seek relief under Chapter 11 of the Bankruptcy Code in order to allow the Debtor the opportunity to reorganize its business affairs.

**PART II**

**INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007**

8.       In addition to the foregoing, Local Bankruptcy Rule 1007-2 requires certain information related to the Debtors, which is set forth below.

**Local Rule 1007-2(a)(1)**

9.       The Debtor is a manufacturer of high-end customer picture frames and framed mirrors. The Debtor filed for Chapter 11 as a result of the cash flow problem resulting from excessive moving cots and disruption to its business, coupled with a severe drop in sales due to the current economic recession.

**Local Rule 1007-2(a)(2)**

10.      This case was not originally commenced under Chapter 7 or 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Bankruptcy Code").

**Local Rule 1007-2(a)(3)**

11.      Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

12.      A consolidated list of the names and addresses of the Debtor's 20 largest

unsecured claims, excluding "insiders" as that term is defined in § 101(31) of Bankruptcy Code

is annexed hereto as **Schedule I**.

**Local Rule 1007-2(a)(5)**

13.     A list of the names and addresses of the five largest secured creditors is annexed

hereto as **Schedule II**.

**Local Rule 1007-2(a)(6)**

14.     A summary of the Debtor's assets and liabilities is annexed as **Schedule III**.

**Local Rule 1007-2(a)(7)**

15.     There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

16.     None of the Debtor's property is in the possession of any custodian, public

officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

17.     The Debtor operates from the following leased premises:

    a)  60 Fullerton Avenue, Yonkers, New York;

    b)  219 East 60th Street, New York, New York; and

    c)  79 East Putnam Avenue, Greenwich, Connecticut.

**Local Rule 1007-2(a)(10)**

18.     The Debtor's substantial assets, as well as books and records are located at 60

Fullerton Avenue, Yonkers, New York.

**Local Rule 1007-2(a)(11)**

19.     The following action is pending against the Debtor, Ellenoff Grossman & Schole

LLP v. APF Group, Inc., Supreme Court of the State of New York, New York County, Index No.

111573/06 (action to recover legal fees).

**Local Rule 1007-2(a)(12)**

20.    The Debtor's senior management consists of Max Munn, Chairman and President,

and Oudit Harbhajan, Vice President of Finance.

**Local Rule 1007-2(b)(1)**

21.    The estimated payroll to employees (exclusive of officers and directors) for the

thirty (30) day period following the filing of the chapter 11 petition is $249,000.

**Local Rule 1007-2(b)(2)**

22.    The estimated amount to be paid for services to its officers and directors for the

thirty (30) day period following the filing of the Chapter 11 petition is $28,000.

**Local Rule 1007-2(b)(3)**

23.    The estimated schedule of cash receipts and disbursements for the thirty (30) day

period following the filing of the Chapter 11 petition, net cash gain or loss, obligations and

receivables expected to accrue but remaining unpaid, other than professional fees is annexed as

**Schedule IV**.

<u>**PART III**</u>

<u>**FIRST DAY MOTIONS AND APPLICATION**</u>
<u>**FOR HEARING ON SHORTENED NOTICE**</u>

24.    Contemporaneously with this Chapter 11 filing, the Debtor expects to file a

number of motions and applications (the "<u>First</u> <u>Day</u> <u>Motions</u>") as follows:

- Debtor's Motion for Order Seeking Authority (I) to Use Cash Collateral Pursuant to Bankruptcy Code Section 363(C)(2) and (II) Granting Adequate Protection Therefor (the "<u>Cash</u> <u>Collateral</u> <u>Motion</u>");

- Motion to Authorize (I) Continued Use of Existing Cash Management System, (II) Maintenance of Existing Bank Accounts, (III) Continued Use of Existing

Business Forms; and (B) (I) Granting Administrative Priority Status to Postpetition Intercompany Claims, and (II) Authorizing Continued Intercompany Historical Practices (the "Bank Maintenance Motion");

- Application for Authorization for the Debtors to (1) pay and honor certain prepetition claims for (i) wages, salaries, employee benefits and other compensation, (ii) withholdings and deductions and (iii) reimbursable expenses; (2) continue to provide employee benefits in the ordinary course of business; (3) pay all related costs and expenses; and (B) directing banks to receive, process, honor and pay all checks presented for payment and electronic payment requests relating to the foregoing (the "Employee Payroll Motion"); and

- Application for Order Extending Time for Debtor to File Schedules of Assets and Liabilities and Statements of Financial Affairs ("Schedules Motion")

25.     In addition to the First Day Motions, the Debtor has filed an Application for entry of an order scheduling a hearing on shortened notice on the First Day Motions. The relief sought in the First Day Motions is immediately necessary to enable the Debtor to operate effectively as a debtor-in possession following the commencement of its chapter 11 case.

26.     I submit that the relief request in the First Day Motions should be heard and determined on an expedited basis in order to allow the Debtor to continue its normal business operations without any interruption, which interruption that could severally detriment the Debtor's ability to successfully reorganize.

27.     With respect to the Debtor's Cash Collateral Motion, without immediate relief from the Court authorizing the Debtor's use of cash collateral of its secured creditors, the Debtor's would be unable to conducts its normal business operations, thereby crippling the Debtor's ongoing operations and jeopardizing its reorganization efforts.

28.     With respect to the Bank Maintenance Motions, numerous transactions are conducted on a daily basis. Requiring the Debtor to close its existing account and open new accounts would cause great confusion and delay in the Debtor's cash flow ability, and jeopardize

the Debtor's ongoing operations and reorganization efforts as well.

29.     With respect to the Employee Payroll Motion, the Debtor's employees are critical and necessary for the Debtor's ongoing operations. Should the Debtor be rendered unable to pay its employees their wages as scheduled, there would be irreparable harm caused to the employee morale and possible loss of employees. Should this happen, the Debtor's reorganization efforts would certainly be impaired.

30.     With respect to the Schedules Motion, the Debtor does not anticipate being able to review its books and records and work with its counsel to prepare the Schedules within the fifteen (15) days following the Filing Date, in addition to the normal duties and responsibilities borne by the Debtor's employees and officers.

31.     Thus, I believe that good cause exists to have a hearing on the First Day Motions which typically requires a minimum of twenty (20) days notice as provided for in Federal Rule of Bankruptcy Procedure 2002.

32.     I have reviewed each of the First Day Motions and Orders and the facts set forth there in are true and correct to the best of my knowledge, information and belief.

### CONCLUSION

I request that the Court grant all of the relief requested in the First Day Motions and Applications.     Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated:  Harrison, New York
        September 10, 2009

                                    /s/ Max Munn
                                    Max Munn, President and Chief Executive Officer

## Schedule I

## List of Debtor's 20 Largest Unsecured Creditors

# United States Bankruptcy Court
## Southern District of New York

In re    **APF Group, Inc.**                    Case No. _____

                           Debtor(s)          Chapter    **11** _____

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| HAMPSHIRE MANAGEMENT CO., LLC<br>969 MIDLAND AVENUE<br>YONKERS, NY 10704 | HAMPSHIRE MANAGEMENT CO., LLC<br>969 MIDLAND AVENUE<br>YONKERS, NY 10704 | LEASEHOLD IMPROVEMENTS | | 239,000.00 |
| INTERNAL REVENUE SERVICE<br>PO BOX 21126<br>Philadelphia, PA 19114 | INTERNAL REVENUE SERVICE<br>PO BOX 21126<br>Philadelphia, PA 19114 | | | 182,000.00 |
| LOCAL 210/TEAMSTERS UNION BENEFITS<br>110 WALL STREET - 3RD FLOOR<br>NEW YORK, NY 10005 | LOCAL 210/TEAMSTERS UNION BENEFITS<br>110 WALL STREET - 3RD FLOOR<br>NEW YORK, NY 10005 | | | 179,000.00 |
| NYS UNEMPLOYMENT INSURANCE<br>PO BOX 551<br>ALBANY, NY 12201 | NYS UNEMPLOYMENT INSURANCE<br>PO BOX 551<br>ALBANY, NY 12201 | | | 146,000.00 |
| DONALD LANDIS<br>17 GLENBROOKE DRIVE<br>WHITE PLAINS, NY 10605 | DONALD LANDIS<br>17 GLENBROOKE DRIVE<br>WHITE PLAINS, NY 10605 | | | 112,000.00 |
| TEAMSTERS LOCAL 210 AFFILIATED<br>HEALTH & INSURANCE FUND<br>P.O. BOX 090360<br>STATEN ISLAND, NY 10309 | TEAMSTERS LOCAL 210 AFFILIATED HEALTH & INSURANCE FUND<br>P.O. BOX 090360<br>STATEN ISLAND, NY 10309 | | | 103,874.00 |
| PEARLE VISION<br>C/O ALLEN G. KRAUT, ESQ.<br>1325 FRANKLIN AVENUE<br>GARDEN CITY, NY 11530 | PEARLE VISION<br>C/O ALLEN G. KRAUT, ESQ.<br>1325 FRANKLIN AVENUE<br>GARDEN CITY, NY 11530 | | | 93,000.00 |
| IBT LOCAL 210 - AFFILIATED H.F<br>C/O CROSSROADS HEALTHCARE MGMT<br>2556 ARTHUR KILL ROAD<br>STATEN ISLAND, NY 10309 | IBT LOCAL 210 - AFFILIATED H.F<br>C/O CROSSROADS HEALTHCARE MGMT<br>2556 ARTHUR KILL ROAD<br>STATEN ISLAND, NY 10309 | | | 90,000.00 |

In re   **APF Group, Inc.**                                          Case No. _____

Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| 219 E. 60TH STREET PARTNERS<br>MALEK MANAGEMENT<br>1491 CONEY ISLAND AVENUE<br>BROOKLYN, NY 11213 | 219 E. 60TH STREET PARTNERS<br>MALEK MANAGEMENT<br>1491 CONEY ISLAND AVENUE<br>BROOKLYN, NY 11213 | | | 85,568.37 |
| GHP 79 EAST LLC<br>4 WEST RED OAK LANE<br>WHITE PLAINS, NY 10604 | GHP 79 EAST LLC<br>4 WEST RED OAK LANE<br>WHITE PLAINS, NY 10604 | | | 71,912.69 |
| INTEGRATED HVAC SYSTEMS & SVCS<br>52 COLUMBIA STREET<br>ISLIP, NY 11751 | INTEGRATED HVAC SYSTEMS & SVCS<br>52 COLUMBIA STREET<br>ISLIP, NY 11751 | | | 64,000.00 |
| IBT LOCAL 210 - PENSION FUND<br>60 BROAD ST., 37TH FLOOR<br>ATTN: LINDA KELLNER<br>NEW YORK, NY 10004 | IBT LOCAL 210 - PENSION FUND<br>60 BROAD ST., 37TH FLOOR<br>ATTN: LINDA KELLNER<br>NEW YORK, NY 10004 | | | 60,000.00 |
| HUDSON VALLEY TECHNOLOGY<br>300 WESTAGE BUSINESS CTR<br>STE 280<br>FISHKILL, NY 12524 | HUDSON VALLEY TECHNOLOGY<br>300 WESTAGE BUSINESS CTR<br>STE 280<br>FISHKILL, NY 12524 | | | 54,000.00 |
| TZONGYIH<br>6/1 MU 11, WONNAMKIAW, MALAIMAN ROAD, KAMPANGSAEN NAKONPATOM,THAILAND 73140 | TZONGYIH<br>6/1 MU 11, WONNAMKIAW, MALAIMAN ROAD, KAMPANGSAEN NAKONPATOM,THAILAND 73140 | | | 51,000.00 |
| CON EDISON - CORPORATE CUST GR<br>14 IRVING PLACE - 9TH FL SOUTH<br>BOX 18<br>NEW YORK, NY 10003 | CON EDISON - CORPORATE CUST GR<br>14 IRVING PLACE - 9TH FL SOUTH<br>BOX 18<br>NEW YORK, NY 10003 | | | 45,000.00 |
| AJF CONSTRUCTION SERVICES<br>157 TIBBETS ROAD<br>YONKERS, NY 10705 | AJF CONSTRUCTION SERVICES<br>157 TIBBETS ROAD<br>YONKERS, NY 10705 | | | 44,052.82 |
| NYS DEPT TAXATION & FINANCE<br>BANKRUPTCY/SPECIAL PROCEDURES<br>P.O. BOX 5300<br>ALBANY, NY 12205 | NYS DEPT TAXATION & FINANCE<br>BANKRUPTCY/SPECIAL PROCEDURES<br>P.O. BOX 5300<br>ALBANY, NY 12205 | | | 40,000.00 |

In re   **APF Group, Inc.**                                                                          Case No. _____
                                    Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
## (Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **MERCANTILE INSURANCE TRUST**<br>**NEW YORK COMPENSATION MGRS INC**<br>**6250 SOUTH BAY RD., POB 3580**<br>**SYRACUSE, NY 13220** | **MERCANTILE INSURANCE TRUST**<br>**NEW YORK COMPENSATION MGRS INC**<br>**6250 SOUTH BAY RD., POB 3580**<br>**SYRACUSE, NY 13220** | | | **40,000.00** |
| **SILLER WILK LLP**<br>**675 THIRD AVENUE - 9TH FLOOR**<br>**NEW YORK, NY 10017** | **SILLER WILK LLP**<br>**675 THIRD AVENUE - 9TH FLOOR**<br>**NEW YORK, NY 10017** | | | **36,000.00** |
| **HARTMAN & CRAVEN LLP**<br>**488 MADISON AVENUE**<br>**NEW YORK, NY 10022** | **HARTMAN & CRAVEN LLP**<br>**488 MADISON AVENUE**<br>**NEW YORK, NY 10022** | | | **35,000.00** |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date   **September 10, 2009** _____        Signature   **/s/ Max Munn** _____
                                                                  **Max Munn**
                                                                  **President**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

## Schedule II

## List of Debtor's 5 Largest Secured Creditors

| | |
|---|---|
| First Niagara Bank<br>P.O. box 514<br>6950 South Transit Road<br>Lockport, New York 14095-0514 | $2,003,000 |
| New York Business Development Corp.<br>50 Beaver Street<br>Albany, New York 12207 | $1,962,000 |
| Alliance Mezzanine Investors, L.P.<br>96 Pompton Avenue<br>Verona, New Jersey 07044 | $2,157,332 |
| Rand Capital SBIC, L.P.<br>2200 Rand Building<br>Buffalo, New York 14203 | $620,413 |
| Advantage Capital New York Partners I, L.P.<br>Advantage Capital New York Partners II, L.P.<br>5 Warren Street, Suite 204<br>Glens Falls, New York 12801 | $1,600,914<br>$311,826 |

## Schedule III

## Debtor's Balance Sheet as of June 2009

# APF Group, Inc.
## Balance Sheet
### June-09
U.S. $000's

| Assets | Current Month | Prior Yr End | Prior Yr Month |
|---|---|---|---|
| Cash & Short-Term Investments | 47 | 40 | 40 |
| Accounts Receivable, gross sch. 7a | 1,166 | 2,223 | 2,223 |
| Less: A/R reserves | (18) | (66) | (66) |
| Accounts Receivable, net | 1,148 | 2,157 | 2,157 |
| Inventories, gross | 3,961 | 4,550 | 4,550 |
| Less: Inventory reserves | (600) | - | - |
| Inventories, net - schedule 1 | 3,361 | 4,550 | 4,550 |
| Other Current Assets - schedule 2 | 350 | 643 | 643 |
| Other Current Assets - schedule 3 | | | |
| **Total Current Assets** | **4,906** | **7,390** | **7,390** |
| Land | | | |
| Buildings & Improvements | | | |
| Plant, Machinery, Equipment | 5,239 | 4,738 | 4,738 |
| Less: Accumulated Depreciation | (2,329) | (1,593) | (1,593) |
| **Net Plant, Property, & Equipment** | **2,910** | **3,145** | **3,145** |
| Intangibles | 80 | 80 | 80 |
| Less: Accumulated Amortization | (80) | (80) | (80) |
| **Net Intangible Assets** | **-** | **-** | **-** |
| Goodwill | 519 | 519 | 519 |
| Other Assets - Deposits | 67 | 76 | 76 |
| Other Assets - Deferred Financing Costs | 358 | 220 | 220 |
| Other Assets - Deferred Tax Asset | 2,035 | 713 | 713 |
| DTA Valuation Allowance | (492) | (492) | (492) |
| Other Assets - NYS EZ Refundable Credit | 45 | 45 | 45 |
| Deferred Income Taxes | | | |
| **Total Other Assets** | **2,532** | **1,081** | **1,081** |
| **Total Assets** | **10,348** | **11,616** | **11,616** |

| Liabilities | Current Month | Prior Yr End | Prior Yr Month |
|---|---|---|---|
| Short-Term Debt schedule 8 | 1,910 | 3,000 | 3,000 |
| Accounts Payable - sch. 7b | 1,211 | 1,208 | 1,208 |
| Accrued Liabilities - schedule 4 | 1,691 | 1,797 | 1,797 |
| Income Taxes Payable | | | |
| Current Portion- Short Term Sub Debt | - | - | - |
| Current Portion- LT Loan | 251 | 589 | 589 |
| FNB- Short Term Loan | - | - | - |
| Other Liabilities- Dell | - | - | - |
| **Total Current Liabilities** | **5,063** | **6,594** | **6,594** |
| Long-Term Sub Debt schedule 8 | 5,087 | 4,491 | 4,491 |
| Deferred Income Taxes | | | |
| Other Long-Term Liabilities - EG Capital | | | |
| Other Long-Term Liabilities | 2,081 | 322 | 322 |
| **Total Liabilities** | **12,231** | **11,407** | **11,407** |
| **Shareholder Equity** | | | |
| Stockholders Equity | | | |
| Common Stock | 550 | 550 | 550 |
| Preferred Stock | | | |
| Treasury Stock | | | |
| Additional Paid in Capital | 115 | 115 | 115 |
| Preferred Equity (Don Landis) | 250 | 250 | 250 |
| Retained Earnings - Prior Years | (705) | (715) | (715) |
| Current Year Earnings | (2,093) | 9 | 9 |
| **Total Stockholders Equity** | **(1,883)** | **209** | **209** |
| **Total Liab. & Stockholders Equity** | **10,348** | **11,616** | **11,616** |

**Schedule IV**

**30 Day Budget**

**APF GROUP, INC.**
**Weekly Forecast**
**September 2009**

| # | Item | W/E 9/11/2009 FORECAST | W/E 9/18/2009 FORECAST | W/E 9/25/2009 FORECAST | W/E 10/2/2009 FORECAST |
|---|------|---|---|---|---|
| 1 | A/R Opening Balance | 852 | 858 | 857 | 869 |
| 2 | Net Sales | 119 | 119 | 119 | 118 |
| 3 | Receipts | (112) | (120) | (107) | (106) |
| 4 | A/R Adjustments | | | | |
| 5 | Ending Balance | 858 | 857 | 869 | 880 |
| 6 | Ineligibles | (75) | (75) | (75) | (75) |
| 7 | Net A/R | 783 | 782 | 794 | 805 |
| 8 | Available Receivables (85%) | 660 | 666 | 665 | 675 |
| 9 | Available Inventory & M&E | 1200 | 1200 | 1200 | 1200 |
| 10 | Letter of Credit (Hampshire) | (100) | (100) | (100) | (100) |
| 11 | Overadvance | 0 | 0 | 0 | 0 |
| 12 | Asset Base | | | | |
| 13 | Borrowing Base Cap | 1760 | 1766 | 1765 | 1775 |
| 14 | **Expenditures:** | | | | |
| 15 | Mfg Ohd | 7 | 7 | 6 | 6 |
| 16 | Direct labor (Include Union) | 30 | 31 | 31 | 31 |
| 17 | Direct labor % | 25% | 26% | 26% | 26% |
| 18 | SG&A | 25 | 25 | 25 | 25 |
| 19 | Payroll & Taxes | (62) | (63) | (62) | (62) |
| 20 | Rent | 0 | 0 | 0 | 0 |
| 21 | Insurance | 0 | 0 | 0 | 0 |
| 22 | Interest/ Principal | (6) | (6) | (6) | (6) |
| 23 | Utilities | (3) | (3) | (3) | (3) |
| 24 | Commissions & Royalties | (4) | (4) | (4) | (3) |
| 25 | Payout Agreements - Leases | 0 | 0 | 0 | 0 |
| 26 | Leasehold Imp. + M&E | 0 | 0 | 0 | 0 |
| 27 | Payout Agreements - Misc | (9) | (9) | (9) | (8) |
| 28 | Overseas Vendors | (3) | (3) | (2) | (2) |
| 29 | Other ACH/Wire/ Bank Chg. | (2) | (2) | (1) | (1) |
| 30 | A/P Vendors | (18) | (18) | (17) | (17) |
| 31 | Total Expenditures | (107) | (103) | (104) | (102) |
| 32 | A/R Receipts | 112 | 120 | 107 | 106 |
| 33 | Other Receipts | | | | |
| 34 | Total Receipts | 112 | 120 | 107 | 106 |
| 35 | Adjust to Availability | 5 | 12 | 3 | 4 |
| 36 | Availability Cap. | 2000 | 2000 | 2000 | 2000 |
| 37 | FNB Loan – EOW | (1830) | (1818) | (1815) | (1810) |
| 38 | Availability - EOW | 170 | 182 | 185 | 190 |
| 39 | | | | | |
| 40 | | | | | |
| 41 | | | | | |
| 42 | Cash generated | 5 | 12 | 3 | 4 |
| 43 | Non-recurring expenses | 9 | 9 | 9 | 8 |
| 44 | Interest/ Principal | 6 | 6 | 6 | 6 |
| 45 | Cash form Operations | 20 | 27 | 18 | 18 |
| 46 | **Sales** | | | | |
| 47 | Showrooms | 36 | 36 | 36 | 35 |
| 48 | HD | 38 | 38 | 38 | 38 |
| 49 | CFR | 30 | 30 | 30 | 30 |
| 50 | A&F | 10 | 10 | 10 | 10 |
| 51 | Other | 5 | 5 | 5 | 5 |
| 52 | Total | 119 | 119 | 119 | 118 |
| 53 | **A/R Receipts** | | | | |
| 54 | Sales from finished goods | $ 92 | $ 100 | $ 88 | $ 88 |
| 55 | From sales | $ 20 | $ 20 | $ 19 | $ 18 |
| 56 | Collections from >30 days/Deposits | | | | |
| 57 | Total | 128 | 120 | 107 | 108 |
| 58 | | | | | |
| 59 | Accounts Rec. Turnover Ratio | 54 | 54 | 55 | 56 |

9/3/2009 11:00 AM