RATTET, PASTERNAK & GORDON-OLIVER, LLP   *Hearing Date: January 21, 2011*
Attorneys for the Debtor                  *Hearing Time: 10:00 am*
550 Mamaroneck Avenue, Suite 510
Harrison, New York 10528
(914) 381-7400
Jonathan S. Pasternak
Julie A. Cvek

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

APF GROUP, INC.,                          Chapter 11
d/b/a A.P.F. MASTER FRAMEMAKERS,          Case No. 09 B 23696 (RDD)
a/k/a APF MUNN,

                               Debtor.
-------------------------------------------------------------X

## AFFIDAVIT OF JONATHAN S. PASTERNAK PURSUANT TO LOCAL BANKRUPTCY RULE 9077-1 IN SUPPORT OF A HEARING ON SHORTENED NOTICE ON DEBTOR'S SALE PROCEDURES AND APPROVAL MOTION

STATE OF NEW YORK    )
                     )  SS.:
COUNTY OF WESTCHESTER )

Jonathan S. Pasternak, Esq., being duly sworn, deposes and says:

1. I am an attorney duly admitted to practice law before the Courts of this State and before this Court and am a member of the firm of Rattet, Pasternak & Gordon Oliver, LLP, attorneys for APF Group, Inc. d/b/a A.P.F. Master Framemakers, a/k/a APF Munn, the above captioned debtor and debtor-in-possession (the "Debtor").

2. I submit this Affidavit pursuant to Local Bankruptcy Rule 9077-1, in support of the Debtor's motion ("Motion")[1] for entry of two Orders: (I) Sale Procedures Order: (a) establishing bidding procedures to govern the Sale of certain the Debtor's Assets between the

---

[1] Capitalized terms used herein not otherwise defined shall have the meaning ascribed to them in the Motion.

Debtor and the Purchaser, subject to higher and better bids; (b) approving a Break-Up Fee; (c) scheduling an Auction to sell the Assets; (d) scheduling a Sale Hearing; and (e) approving the form and manner of notice of the Sale, the Bidding Procedures, the Auction and the Sale Hearing; and (II) Sale Approval Order: (a) approving the Sale of the Debtor's Assets in accordance with the results of the Auction to the Successful Bidder; (b) authorizing the assumption and assignment of certain executory contracts and leases in connection with the Sale; (c) granting the Successful Bidder good faith status; and (d) waiving the fourteen day stay of the Order.

3. In November 2010, when the Debtor's Plan Funder exercised its "due diligence out clause" under the Plan Funding Agreement and thereby rescinded its funding of the Debtor's Third Amended Plan, the Debtor's reorganization possibilities severely diminished. Faced with continued operating losses, the Debtor explored alternatives to its Third Amended Plan, including an asset sale.

4. As of December 31, 2010 the Debtor had accrued significant post petition administrative liabilities to its union, taxing authorities and the Chapter 11 professionals in the aggregate approximate amount, as of December 31, 2010, of $1,000,000.

5. Based upon the Debtor's cash availability and expected receivable collections, combined with the complete lack of any working capital or available loan facility, the Debtor believes that it needs to close on an asset sale within the next approximate thirty (30) days in order to be able to sustain and maintain operations.

6. Furthermore, over the past six (6) months, the Debtor had negotiated stipulated agreements with its secured equipment lenders. Substantially all of these stipulations, which were approved by the Court in September 2010 required the Debtor to commence payments at

the earlier of confirmation of the Debtor's Third Amended Plan, or alternatively 120 days from entry of the stipulation by the Court. The Debtor has not been required to make payments on these leases for past several months. However commencing this month, the Debtor's obligations to make payment under these agreements will commence. However, the Debtor's cash position and availability to make these payments is extremely constrained. Should the Debtor be unable to make these payments, the Debtor would default under the stipulations and thereby risks losing equipment that is absolutely necessary for the Debtor's continued operations.

7. Moreover, several of the critical customers that the Debtor conducted business with prior to the Bankruptcy filing have ceased placing orders with the Debtor until the Debtor emerges from Bankruptcy. Thus, it is imperative to immediately sell the Debtor's business in order to preserve the good will and going concern of the Debtor in order to maximize the sale of the Debtor's assets for the benefit of the Debtor's estate and creditors.

8. In order to avoid an imminent cessation of business operations, maximize the value of its assets for creditors, and to try to save approximately 100 local jobs, the Debtor, using its best business judgment, determined that a pre-confirmation asset sale is necessary, as opposed to converting this proceeding to a chapter 7 case for a liquidation which would necessitate the Debtor to "going dark" and the termination of its employees.

9. The Debtor therefore believes that an expedited, pre-confirmation assets sale pursuant to §363 of the Bankruptcy Code is in the best interests of the Debtor, its creditors, and its estate at large. It is respectfully suggested that a sale procedures hearing on shortened notice is appropriate under the circumstances, and that the cause component of Federal Rule of Bankruptcy Procedure 9006(c) is met.

**WHEREFORE**, the Debtor requests entry of the Order Scheduling Hearing submitted herewith, scheduling a hearing on the Motion on such minimum notice as is determined by the Court to be just and proper under the circumstances.

                                                  */s/ Jonathan S. Pasternak*
                                                  Jonathan S. Pasternak

Sworn to before me this
12th day of January, 2011

*/s/ Julie A. Cvek*
Notary Public